**J. B. SNEED, Appellant,**

v.

Hazel I. MARTIN et al., Appellees.

No. 15145.

Court of Civil Appeals of Texas.

Dallas.

July 6, 1956.

Wm. Andress, Jr., Dallas, for appellant.

Virgil R. Sanders and W. R. Herring, Dallas, for appellees.

CRAMER, Justice.

J. B. Sneed filed this action against Hazel Martin and her sureties on her replevy bond in sequestration, asserting that she had theretofore filed cause No. 3769 against him alleging that he was trespassing on 150 acres of land owned by her in Dallas County; that on September 16, 1946 she filed in cause No. 3769 an application for a writ of sequestration and a properly conditioned $10,000 sequestration bond based on a $5,000 value of the land; that the writ was issued and delivered to the sheriff who executed it by taking the property into his possession; and after Sneed had failed to replevy the property Hazel Martin tendered her replevy bond and the sheriff delivered possession of the land to her; thereafter on April 12, 1947 cause No. 3769 was dismissed for want of prosecution and said dismissal judgment thereafter became final. Sneed then filed the present proceeding in which the above facts were recited, and asserted affirmatively that under the facts the taking of such property by Hazel Martin was unlawful and that he had, by reason thereof, suffered damages in the sum of $10,000, that being the reasonable value of the property. C. A. Mattay, a surety, answered by plea in abatement, special exceptions, general denial, and the two-year statute of limitations, followed by an answer asserting that Sneed filed a cross-action in cause 3769 in which he sought damages against Hazel Martin; also that said cause 3769 had been dismissed for want of prosecution without any damages having been awarded against Hazel Martin or her sureties and that said action cannot be revived and is now barred by the two-year statute of limitation. Hazel Martin answered by special exceptions, general denial, the two-year statute of limitation, stale claims, laches, and estoppel, "to bring a new action sounding in contract but based upon and growing out of the same transaction * * *"; and that such cause of action cannot now be revived because long since barred by limitation. She also pled that during and since 1946 she has continuously been the owner and in possession of said land; that in 1946 she owned two 150-acre tracts of land, one behind the levee and the other the one here involved; that she orally leased to Sneed the 150-acre tract behind, or back of, the levee (west side) upon a month to month basis, which she confirmed in writing; the terms thereof being acquiesced in by Sneed, but that Sneed thereafter instead of placing his cattle on the tract of land back of the levee, put them on the tract east of the levee, not leased to him; and that when her agent discovered this and reported to her, Sneed was advised that the cattle were on the wrong land and was requested to move them. Sneed failed to do so.

Upon Sneed's further refusal to remove the cattle to a proper pasture, she again advised Sneed through her agent, by registered mail, that his lease had been terminated; that although not obliged to do so, she offered to deliver to him 200 bales of hay and advised him that he had accepted her offer and she had given him a written order for the 200 bales of hay and that such hay had been brought to the farm but refused, indicating he was preparing to breach the contract and had breached it. She demanded that he vacate the property, remove all his cattle and other belongings by September 1, 1946; otherwise she would take such legal action as necessary to protect her interests; that Sneed did not vacate such property by September 1, 1946 and was therefore a trespasser thereon and not entitled to damages. Also that the $10,000 penal sum in the sequestration bond is a penalty and

not liquidated damages, and if he has sustained any damages for which she is liable, they are of such a nature as to be clearly ascertainable and are far less than the sum set out in the bond. She further alleged that she sustained $750 actual damages in grass depletion by his cattle; that Sneed filed this suit maliciously and for harassment in an attempt to force her to sell her land to him at an unconscionable price and that exemplary damages of $5,000 should be awarded to her.

Sneed through his attorney made a motion for summary judgment on the following affidavit (omitting formal parts):

"My name is Wm. Andress, Jr., and I am attorney of record for the plaintiff. The original papers now on file with the District Clerk of Dallas County in cause No. 3769-F entitled Hazel I. Martin vs. J. B. Sneed reveal that on September 13, 1946, Hazel I. Martin made an affidavit for sequestration alleging that the value of the real property therein described, being the same property described in the petition in this cause, had a value of $5,000.00, which application for sequestration was filed by V. R. Sanders and C. A. Mattay as her attorney, and an order was entered authorizing the issuance of a writ of sequestration upon the furnishing of a good and sufficient bond in the sum of $10,000.00. Such a bond in sequestration in the amount of $10,000.00 was executed by Hazel I. Martin as principal and J. W. Parrish and C. A. Mattay as sureties on September 12, 1946, was approved on September 16, 1946, by the District Clerk of Dallas County, filed on said date, and a writ of sequestration was issued on the same date by the Clerk and executed on September 20 by R. A. Schmid, Sheriff of Dallas County, Texas, by taking into his possession the above described property, and releasing it to Hazel I. Martin upon her replevy bond in the amount of $10,000.00 dated November 21, 1946, executed by her as principal and J. W. Parrish and C. A. Mattay as sureties reciting the value of the property as $5,000.00. By the first amended original

petition in said cause No. 3769 Hazel I. Martin sued defendant J. B. Sneed in trespass to try title to the 150 acres of land in controversy, alleging that Sneed was in possession of the property wrongfully. After acquiring possession under the writ of sequestration and the replevy bond, said cause No. 3769-F was dismissed by the 116th Judicial District Court for want of prosecution, the judgment of dismissal being recorded in volume 9 at page 516 of the minutes of said court, and that judgment became final and has never been set aside. J. B. Sneed has never been restored to possession of the land."

Hazel Martin moved to strike the motion because it is not in compliance with Rule 166-A, Texas Rules of Civil Procedure, setting out that it was wholly insufficient because the certified copies referred to in the motion are not set out as exhibits to the motion, nor their substance set out in the motion for summary judgment.

At the hearing the trial court overruled Sneed's motion for summary judgment and his four exceptions; also overruled Hazel Martin's exceptions 1, 2, and 3, but sustained her exception 4; and gave Sneed leave to amend. After Sneed refused to amend, the court dismissed his cause of action. Sneed has duly perfected this appeal from such order of dismissal, here briefing four points of error.

Point 1 asserts that "Where there had been no intervening change in the status of the case or the law since an order at a full pre-trial hearing, another Judge calling the case on the trial docket should not reopen the exceptions determined four years previously at such pre-trial hearing, and reverse the former order." Citing Rule 166.

Rule 166 relates to the pre-trial conference in connection with settling the issues to be tried. Subd. (g) of the Rule provides for an order to be made at such hearing, and that "such order when entered shall control the subsequent course of the action, *unless modified at the trial to prevent man-*

*ifest injustice * * *."* (Emphasis ours.)

Rule 166 recognizes the fundamental rule that the district judge has the inherent right to change or modify any interlocutory order or judgment down to the time the judgment on the merits in the case becomes final. As stated in 25 Tex.Jur. 549,550, Judgments, sec. 153:

"Interlocutory judgments are within the control of the court and may be set aside even at a term subsequent to that of their rendition."

In the same volume at page 520, Judgments, sec. 127, the rule with reference to final judgments is stated that the authority of the court thereon continues until the term ends. Our present court rules have not changed these inherent powers of the court. Point 1 is overruled.

Point 2 asserts that the proper measure of damages "for any property, real or personal, which has been wrongfully sequestrated and never returned to the prior possessor, is the value of the property at the time of its taking." Point 2 is countered that in a suit, as here, against the principal and sureties on a sequestration bond, plaintiff must plead and prove his actual damages, and upon his refusal, after ordered to do so by the trial court, it was proper for the court to dismiss his suit.

The judgment, after the order on exceptions, recites that "And thereupon the court gave the plaintiff the right to amend his said petition, and the plaintiff then and there in open court declining and refusing to amend, the court is of the opinion that plaintiff's said cause should be dismissed. Therefore, it is ordered, adjudged and decreed by the court that plaintiff's said suit be, and the same is hereby, dismissed, with all costs of court taxed against plaintiff, for all of which let execution issue."

The sequestration bond is conditioned to pay all damages and costs if the writ was wrongfully issued. The measure of damage here, of course, must be based on the facts here involved. Hazel Martin was the owner of the land. She sequestered the land she owned. Sneed was a month to month tenant and under the pleadings the controverted issue was whether Sneed was occupying land he rented, or was on land not rented to him by Hazel Martin.

The measure of damages under such a situation, if Sneed as renter was wrongfully dispossessed, is entirely different from the one applied by the trial court here; and the burden of proof was on Sneed to establish a proper measure of damage. Point 2 is overruled.

Point 3 asserts that since the measure of damages need not be pleaded, his cause of action should not have been dismissed upon the ruling that the wrong measure was pleaded. Point 3 is countered that since Sneed failed and refused to plead his actual damages on sustaining of the special exception and his refusal to amend, Sneed's suit was properly dismissed.

There is no question but that the measure of damages pleaded was wrong and that as to such measure of damages the special exception was properly sustained and Sneed was granted leave to amend. As insisted by Sneed, the law is well settled that the measure of damages need not be pleaded if all facts necessary to raise the issue on a proper measure of damages are in evidence and the court, in the absence of pleading, or in the face of an incorrectly pleaded measure, must submit a proper measure of damages to the jury. However, here a proper special exception was leveled at the court's improper instruction on measure of damages; therefore was properly sustained. Under such circumstances the trial court should not have, after sustaining the exception, dismissed the cause. In other words, the striking of the improperly pleaded measure of damages did not prohibit Sneed from proceeding, and proving on the trial of the case the proper measure of damages without

such allegation. In other words, the trial court cannot dismiss where the pleaded measure of damages is stricken on exception and not amended. Point 3 is sustained.

■ Point 4 asserts that "When the wrongfulness of the sequestration is concluded by the dismissal of the action, and the value of the property wrongfully sequestrated is fixed by the admissions of the affidavit and bond in sequestration, then the person deprived of the property is entitled to a summary judgment for that value upon a showing that the property has never been restored."

■ We have discussed the proper measure of damages in this cause under point 2. The measure of damages here is not the full market value of the property as a whole, but the reasonable cash market value of the estate or interest, if any, taken from Sneed. Point 4 is sustained.

For the reasons stated under points 3 and 4, the judgment of the trial court is reversed and remanded for a new trial.

Reversed and remanded.