Andrew VILLALPANDO, Appellant,

v.

Rebecca DE LA GARZA, in the Interest of Eloisa Lizbeth DE LA GARZA and Eliza Kelli De La Garza, Children, Appellee.

No. 13–89–058–CV.

Court of Appeals of Texas, Corpus Christi.

May 24, 1990.

Rehearing Denied June 22, 1990.

Curtis Bonner, Harlingen, for appellant.

Carol D. Jackson, Harlingen, for appellee.

Before DORSEY, SEERDEN and UTTER, JJ.

## OPINION

DORSEY, Justice.

Appellant, Andrew Villalpando, contests a final decree declaring him the parent of Eloisa Lizbeth De La Garza and Eliza Kellie De La Garza, appellee's minor children, mandating child support and assessing other fees. We affirm the judgment of the trial court.

Appellant and appellee began residing together while appellant was stationed at Bergstrom Air Force Base in Austin, Texas, as a member of the United States Air Force. They were subsequently transferred to Utah. While residing in Utah appellee conceived twin children. Thereafter, appellee returned to Texas where she gave birth to the children. Appellant has not resided with the children or appellee in Texas since appellee returned to Texas. The parties never represented themselves as husband and wife in Texas.

■ By points of error one and two, appellant alleges that the trial court erred in failing to grant his special appearance and ruling that he made a general appearance because he did not sign and file any document which would constitute a general appearance. Appellant also asserts that the trial court's proceeding at the hearing violated his due process rights.

■ The facts show that appellant was served in Utah under the family law long arm statute. Thereafter, appellant filed an unsworn "Special Appearance and Motion to Quash Service of Process" answer.

Tex.R.Civ. 120a(1) states, in part:

special appearance *shall be made by sworn motion* filed prior to motion to transfer venue or any other plea, pleading or motion.... Every appearance, prior to judgment, not in compliance with this rule is a general appearance.

The rule mandates strict compliance with procedure. *Portland Sav. & Loan Ass'n v. Bernstein,* 716 S.W.2d 532 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986). An unsworn special appearance, being defective, constitutes a general appearance. *Stegall & Stegall v. Cohn,* 592 S.W.2d 427, 429 (Tex.Civ.App.—Fort Worth 1979, no writ); *See Stewart v. Walton Enterprises, Inc.,* 496 S.W.2d 956, 959 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). The record does not indicate that appellant cured his defective special appearance; therefore, the trial court did not err in ruling that he made a general appearance. Appellant's points of error one and two are overruled.

■■■■ By points three, seven and eight, appellant alleges that there was no evidence or insufficient evidence to support the conclusions or finding that the State of Texas had jurisdiction over him or that he waived any jurisdictional defect by a general appearance. In a special appearance proceeding, the burden is on the party challenging jurisdiction to present evidence negating jurisdiction. *Portland,* 716 S.W.2d at 536. Appellant failed to meet his burden. A non-resident defendant, by filing an answer to plaintiff's petition, appears generally and gives the court jurisdiction over his person. *Abramowitz v. Miller,* 649 S.W.2d 339, 342 (Tex.App.—Tyler 1983, no writ); *Carter v. G & L Tool Co.,* 428 S.W.2d 677, 681 (Tex.Civ.App.—San Antonio 1968, no writ). The record indicates that appellant answered plaintiff's petition with a defective special appearance. After his special appearance had been overruled, he appeared through counsel at trial. He therefore consented to the jurisdiction of the trial court. Appellant's points of error three, seven and eight are overruled.

■■■■ Appellant, by point of error six, asserts that there was no evidence or insufficient evidence to support the finding that he is a permanent resident of the State of Texas. Appellant challenges the court's jurisdiction over his person. By his general appearance, appellant consented to the court's jurisdiction. Consequently, wheth-

er he is a permanent resident of Texas does not affect the court's in personam jurisdiction. Appellant's point of error six is overruled.

■■■■ By points of error four, five and eleven, appellant alleges that there is no evidence or insufficient evidence to support the finding of fact or conclusion of law, that he is the father of the children. In determining the legal and factual sufficiency of the evidence the court considers all the evidence, and the reasonable inferences therefrom which, viewed in its most favorable light, supports the trial court's findings. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–35 (Tex.1986); *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981); *In Re Kings' Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Allied Finance Co. v. Garza,* 626 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

Appellee testified that she was the mother of the children and that appellant was the only possible father. She further testified that she and appellant had continuously lived together during the time in question and that he was the only man with whom she had sexual intercourse during that period. Appellee identified appellant's signature and handwriting on two letters appellant sent her admitting that he was the father. The record also indicates that several attempts were made to arrange for blood tests, but appellant would not come to Texas or send money so that appellee and the children could go to Utah to have the blood test made together as laboratories required.

Tex.Family Code § 13.06(d) (Vernon Supp.1990) states:

A party who refuses to submit to paternity testing has the burden of proving that the alleged father is not the father of the child.

Appellant has failed to establish that he is not the father. The evidence is factually and legally sufficient to support the trial court's finding. Appellant's points of error four, five and eleven are overruled.

■■■■ By point of error fifteen, appellant alleges that there is no evidence to support

the trial court's order requiring him to pay appellee $100.00 for prenatal and postnatal health care expenses. We will apply the "no evidence" standard of *Glover*, 619 S.W.2d at 401. Appellant contends that although appellee asked him to share in the prenatal care and expense of the delivery of the children she did not testify regarding the amount. The record establishes that when the trial court was making its oral findings, appellee's attorney told the court what appellee had spent on prenatal and postnatal care without objection.

■ We do not reach the question of whether statements by counsel constitutes some evidence. To preserve a legal sufficiency point, the point must be asserted by one of the following: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the relevant issue; (4) a motion to disregard the jury's answer to the issue, or (5) a motion for new trial. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985). Appellant failed to assert either complaint by any of the available means. Again, error was not preserved. We overrule point of error fifteen.

■ By points nine and ten, appellant alleges that the trial court erred in appointing an investigator to make a social study, in appointing an attorney ad litem for the children, and in adjudging the costs of the ad litem against him. Appellant contends that no reason, no necessity and no pleading supported appointing an attorney ad litem or ordering an investigator's social study. Appellee requested the court to appoint an investigator to make a social study and to appoint a guardian ad litem to represent the interest of the children in her Original Petition to Establish Paternity of Children.

Tex.Fam.Code Ann. § 11.10(a) (Vernon 1986) states, in part:

[T]he court or a master may appoint a guardian ad litem....

Tex.Fam.Code Ann. § 11.12(a) and (b) (Vernon 1986 and Vernon Supp.1990, respectively) states, in part:

(a) In a suit affecting the parent-child relationship, the court may order the preparation of a social study....

(b) The court may appoint an investigator to conduct the social study required by this section who has the qualifications....

These Family Code sections give the trial court authority to make an appointment of attorney ad litem and an investigator to prepare a social study. Additionally, appellant did not contest these appointments at trial.

■ Next, appellant contends that no evidence supports the award of $150.00 to the attorney ad litem because the award is based on the ad litem's unsworn statements of time spent on the case and of his costs. Appellant further contends that no testimony showed that these services were reasonable, customary, usual or necessary for representing children in such a case. The record indicates that the trial court asked the ad litem "[h]ow much time [he] put into this?" The ad litem responded, "[y]our Honor, an hour and-a-half or two hours." Then the court said "I'll award the ad litem $150.00, to be charged against the respondent." Appellant made no objection so he failed to preserve a complaint for appellate review as to the use, admissibility or foundation of this information conveyed to the trial court as evidence. *See* Tex.R. App. 52(a).

■ Further, appellant alleges that the trial court erred in awarding ad litem costs against him.

Tex.Fam.Code Ann. § 11.10(a) and (e) (Vernon 1986) (emphasis added) states:

(a) If the judge or master of the court determines that the parties or litigants are able to defray the costs of the ad litem's compensation as determined by the reasonable and customary fees for similar services in such county of jurisdiction, such costs may be ordered *paid by either* or both parties....

(e) An attorney appointed to represent a child or parent as authorized by this section is entitled to a reasonable fee in the amount set by the court which is to be

**278**

paid by the parents of the child *unless* the parents are *indigent.*

These Family Code sections give the trial court authority to order that the ad litem fees be paid by one of the parents who has not been shown to be indigent. The trial court did not err in charging the ad litem costs against appellant. We overrule appellant's points nine and ten.

 By points of error twelve and thirteen, appellant asserts that the trial court erred in ordering him to pay child support, in ordering his employer to withhold earnings to pay the child support, and in ordering him to provide health care and other benefits for the children. Appellant argues that since no evidence or insufficient evidence supported the trial court's ruling that he was the father of the two children, no legal basis in law supported the trial court's judgment ordering child support, health benefits, and employer withholding. As set forth earlier, the evidence is sufficient to support the finding of paternity. We overrule points of error twelve and thirteen.

Finally, by point fourteen, appellant alleges that the trial court erred in ordering him to pay $1,500.00 in attorney's fees because there is no evidence that such fees are reasonable as the statute requires.

Tex.Fam.Code Ann. § 13.42(b) (Vernon Supp.1990) states:

In addition to the payment authorized by Section 14.05 [Support of Child] of this Code, the court may award reasonable attorney's fees incurred in the suit.

Appellant points out the attorney did not itemize the time spent and contends she did not show that the time spent and the hourly rate were reasonable and necessary. Appellee's trial attorney testified that she was requesting $1,500 because she made three appearances and drafted numerous documents and letters in this case. She testified, "I'm basing the $1,500 on a $80-an-hour rate which I believe is reasonable" and then testified regarding her experience.

We find the trial court could reasonably infer from the testimony on attorney's fees that the amount of time spent on this case was the total amount asked for divided by the hourly rate on which it is based. The testimony concerning what appellee's attorney did in this case supports the time spent, and testimony of it being "reasonable" is sufficient to support the trial court's ruling. Appellant's point fourteen is overruled.

The judgment of the trial court is AFFIRMED.

UTTER, J., not participating.