Andrew **CARRIZALES** and **Wal–Mart Stores, Inc.,** Appellants,

v.

**WAL–MART STORES, INC.** and Andrew Carrizales, Appellees.

No. 2–89–095–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 8, 1990.

Rehearing Denied Sept. 12, 1990.

William V. Dorsaneo, III, Dallas, Carol A. Swanda, Wallace Craig, Wallace Craig & Assoc., Fort Worth, for appellants.

Vic Anderson, Jr., Anne Gardener, Shannon, Gracey, Ratliff, and Miller, Fort Worth, Robert H. Mow, Jr., Andrew L. Siegel, David C. Godbey, Hughes & Luce, Dallas, for appellees.

Before JOE SPURLOCK II, LATTIMORE and MEYERS, JJ.

OPINION

LATTIMORE, Justice.

Appellant, Andrew Carrizales, appeals the trial court's judgment modifying its previous judgment and withdrawing the 11.55 million dollar sanction it had levied against Wal–Mart for discovery delays.

We affirm.

The facts of the underlying case are not in dispute. This is a limited appeal for the purpose of adjudicating a procedural point with regard to the trial court's power to withdraw its previous judgment during its plenary period.

This appeal arises out of an order imposing 11.55 million dollars in sanctions for Wal–Mart's failure to produce Mr. Walton for deposition. This order was entered by the 352nd District Court, Judge John Street presiding. Thereafter, the Honorable Bruce Auld assumed the bench of the 352nd District Court and withdrew the 11.-55 million dollar sanction against Wal–Mart.

Appellant brings to this court sixty-five points of error which he wishes us to consider in our disposition of this case.

Fortunately, there are threshold inquiries which are dispositive of the case. The issues before this court are whether the trial court abused its discretion in withdrawing the monetary sanctions against Wal–Mart and whether the sanctions accrued during the period when this court's order of stay was in effect.

Neither party contends that the trial court did not have discretion to award or not award sanctions against Wal–Mart. Nor do they contend action taken by the trial court was outside of its plenary jurisdiction. The crux of this case is centered upon the fact that one judge was presiding over the court when the sanctions were granted and another judge was presiding when the sanctions were removed.

Appellee contends that the successor judge was free to set aside the sanction order made by his predecessor judge. In support of this contention it cites *Downwind Aviation, Inc. v. Orange County*, 760 S.W.2d 336 (Tex.App.—Beaumont 1988, writ denied). We do not find this authority helpful. *Downwind* does not deal with setting aside an enforcement order for monetary sanctions. Rather, the visiting judge in *Downwind* made a ruling entirely consistent with the previous ruling from that court. Additionally, that judge only acted after fully hearing the last amended motion for sanction of the plaintiff. *Id.* at 338. However, the fact that *Downwind* does not apply will not save appellant. We find appellant's authority equally inapplicable. Appellant argues that even though the trial court undeniably had plenary jurisdiction, its authority to act is contingent on a type of modified appellate jurisdiction standard.

Appellant contends that TEX.R.CIV.P. 329 must be read in light of rule 320 and the review standard of "for good cause" must be cloned from rule 320 and grafted to rule 329. Appellant draws our attention by analogy to *Sneed v. Martin*, 292 S.W.2d 891 (Tex.App.—Dallas 1956, no writ). Our review of this case did not reveal the modified standard which appellant seeks this court to impose. The court there observed:

> Rule 166 recognizes the fundamental rule that the district judge has the inherent right to change or modify any interlocutory order or judgment down to the time the judgment on the merits in the case becomes final. As stated in 25 Tex. Jur. 549, 550, Judgments, sec. 153:
>
> > "Interlocutory judgments are within the control of the court and may be set aside even at a term subsequent to that of their rendition."

In the same volume at page 520, Judgments, sec. 127, the rule with reference to final judgments is stated that the authority of the court thereon continues until the term ends. Our present court rules have not changed these inherent powers of the court.

*Id.* at 894. We find that this case supports appellee's contention that Judge Auld had the absolute right to withdraw the order of sanction, for the rule itself is plain:

**RULE 329b. TIME FOR FILING MOTIONS**

The following rules shall be applicable to motions for new trial and motions to modify, correct, or reform judgments (other than motions to correct the record under Rule 316) in all district and county courts:

. . . .

(d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

TEX.R.CIV.P. 329b.

Our finding is supported by TEX.R. CIV.P. 18 which deals with when a judge dies during the term, resigns, or is disabled. This rule provides in pertinent part:

> If a successor to such judge shall qualify and assume office during the term, or if a judge be transferred to said district from some other judicial district, he may continue to hold said court for the term provided, *and all motions undisposed of shall be heard and determined by him*, and statements of facts and bills of exception shall be approved by him. If the time for holding such court expires before a successor shall qualify, ... *such judge shall have power to act thereon* at the succeeding term, or on an earlier day in vacation, on notice to all parties to the motion, and such orders shall have the same effect as if rendered in term time.

TEX.R.CIV.P. 18 (emphasis added). We think that it would be logical, that had the Supreme Court desired that a successor

judge be treated differently than his predecessor, or have different powers, they would have indicated the extent of the successor judge's authority here. Absent a rule or other precedent which indicates that the successor judge is unauthorized to act or can only act under a different standard, no such ruling will be made here today.

■ Turning to the issue of whether the monetary sanctions accrued during the period when this court's order to stay the proceedings below was in effect, it is uncontroverted that at the time this court entered its order staying the proceedings below, appellee had five days remaining to comply with Judge John Street's order before sanctions would begin accruing. The order can be found in the record. This order is pursuant to Wal–Mart's petition for writ of mandamus. It is dated the twenty-third day of November, 1988, and signed by Justice Hal M. Lattimore. It reads in pertinent part:

> It having come to this court's attention that a deposition of Sam Walton is ordered for November 28, 1988, in the cause of Andrew Carrizales v. Wal–Mart Stores, Inc. and Jerry Rand individually, cause No. 352–104470–87, filed in the 352nd District Court of Tarrant County, Texas, it is ORDERED that the trial court's November 18, 1988 Order scheduling this deposition and imposing sanctions is immediately stayed.

The issue now brought to this court is: did this order actually stay the monetary sanctions from accruing?

We hold that it did.

Appellant brings to us an impressive list of authority through which he argues by analogy that our order staying the sanctions is similar to a supersedeas bond. Appellant contends that a supersedeas bond, while staying the execution of the judgment of the trial court, will not prevent the accrual of damages. This is a clever argument. However, its success will require this court to agree that damages and sanctions are the same thing. We find that sanctions and damages are quite different. The accrual of damages during the period

when the supersedeas bond is in effect has nothing at all to do with the supersedeas bond. The accrual of sanctions has everything to do with the order imposing them. Sanctions are a method of the court enforcing its jurisdiction and compelling a litigant's compliance and they are discretionary to the court. Damages are a question of fact and are not discretionary.

Our view of the nature and effect of the stay order is based upon the same rationale as that reflected in *United States v. City of Yonkers*, 856 F.2d 444, 460 (2nd Cir. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1339, 103 L.Ed.2d 810 (1989). In that case the district court ordered that if the city did not take certain affirmative steps to comply with a previous order relating to the building of public housing, fines for contempt would begin to accrue at $100 the first day, and doubling every day thereafter. After fines for seven days had become due, the Second Circuit stayed the contempt sanctions and ordered an expedited appeal. In subsequently finding against the city, the court wrote as follows:

> Unless a stay is granted by the Supreme Court or a Justice thereof, our mandate shall issue seven days from the date of this decision and our prior stay of the contempt sanctions shall at that time be vacated.... Also on the date our mandate issues, the fines against the City shall resume at the level for day 8 of the schedule resulting from the District Court's Order of July 26 and, if noncompliance continues, shall double until day 14, shall be $1 million on day 15, and shall be $1 million per day for every subsequent day of noncompliance.

*Id.*

This court is not prepared to impose punishment upon a litigant who has fully complied with the order of this court.

We find that the order staying the trial court's order of deposition and imposing sanctions prevented the accrual of monetary sanctions against appellee. We find that because of this stay, appellee ultimate-

ly produced the deponent within the time provided by Judge Street's order. As such, monetary punitive sanctions never arose.

Our disposition here precludes appellant's sixty-five points of error, thus rendering them moot.

The judgment of the trial court is affirmed.