Jose VELEZ and Manuel Munoz,
Jr., Appellants,

v.

Jose Garcia DE LARA and
Jose Botello, Appellees.

No. 04–93–00369–CV.

Court of Appeals of Texas,
San Antonio.

July 31, 1995.

Armando Lopez, Lopez, Sinderson & Fraga, L.L.P., Houston, for appellants.

Ricardo G. Cedillo, Susan G. Lozano, Davis, Adami & Cedillo, Inc., San Antonio, for appellees.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

STONE, Justice.

This is an appeal from an order entered by one district court judge setting aside a previous sanctions order entered by a different district court judge. Appellants contend the second trial judge was without authority to vacate the sanctions order because such orders can be reviewed on appeal only after entry of a final judgment on the merits. We find that the trial court had authority to set aside the order of sanctions and that it did not abuse its discretion in ruling on appellants' motions for additional sanctions. To the extent the trial court's order was a contempt adjudication, this court has no jurisdiction and expresses no opinion as to its validity.

Appellees Jose Garcia DeLara and Jose Botello were the national president and treasurer, respectively, of the League of United Latin American Citizens (LULAC), which maintained a bank account with the International Bank of Commerce (IBC). Appellees also maintained a separate undisclosed account at another bank under LULAC's name. At their 1990 annual meeting, the LULAC National Board of Directors elected appellants Jose Velez and Manuel Munoz to be the new president and treasurer, respectively, and authorized them to make signatory changes on all bank accounts. IBC instituted this suit as an interpleader action. Appellants filed a cross action on behalf of LULAC against Appellees for a full accounting and a turnover of all LULAC funds. IBC was ultimately dismissed from the litigation by agreement of all parties.

During the discovery process appellants claimed that appellees failed to respond to a subpoena duces tecum and did not willingly disclose the other bank account. Appellants filed a motion for sanctions and on February 25, 1991, the Honorable Judge Antonio Cantu ordered appellees to each pay a $100.00 fine and an additional $500.00 for each Friday after March 1, 1991, that they did not produce the information. Subsequently, appellees accidently produced a copy of one check from the other account. Appellants again moved for sanctions citing violations of the court's February 25th order. On August 1, 1991, Judge Cantu signed an order finding that appellees had violated his earlier order and fined each $500.00 for each Friday from March 1, 1991 to July 26, 1991, totalling $10,500.00 each, jointly and severally, and he reaffirmed the $100.00 penalty against each. The order specifically recites that a motion for contempt will be entertained by the court if the parties refuse to abide by the terms of the order.

Appellees filed motions for reconsideration to have the sanctions order set aside, but these motions were never presented to the trial court. Appellants filed a motion for contempt alleging appellees' failure to comply with the order of August 1st signed by Judge Cantu. Appellants also filed motions to compel answers to interrogatories and for additional sanctions. The motions were heard by the Honorable Judge Susan Reed, who entered an order on November 18, 1991 which denied the motion for contempt, ruled that the previous sanctions granted by Judge Cantu for contempt were unenforceable as a matter of law, ordered appellants to clarify their objections to appellees' answers to interrogatories, ordered appellees to file any supplemental answers before November 25th, and ordered appellees to each submit to another deposition. Appellants thereafter non-suited their claims against appellees and perfected their appeal to this court complaining of the rulings issued by Judge Susan Reed.

## AUTHORITY OF THE TRIAL COURT

Appellants contend that Judge Cantu's order was not reviewable by Judge Reed, but was only reviewable on appeal after final judgment. Appellants rely on TEX.R.CIV.P. 215(2)(b)(8), which states that a sanctions order "shall be subject to review on appeal from the final judgment." Appellants further note that discovery sanctions are not appealable until the trial court renders a final judgment, and that this means of appealing a sanction order is an adequate remedy. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986) (per curiam) (discovery sanctions not appealable until final judgment is rendered by trial court); *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801, 802 (Tex.1986) (per curiam) (right to appeal discovery order after final judgment is adequate remedy). Appellants thus conclude that Judge Reed was without authority to modify or withdraw the sanctions orders previously signed by Judge Cantu.

■ While the legal principles cited by appellants are generally true, they do not mandate the conclusion reached by appellants. We recognize that discovery sanctions cannot be the subject of an interlocutory appeal, and are rarely a proper subject for mandamus review. Rather, as Rule 215(2)(b) states, such sanctions can be reviewed on appeal after entry of a final judgment. Nonetheless, trial courts retain authority to reconsider any interlocutory order until the judgment becomes final. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *Kone v. Security Finance Co.*, 158 Tex. 445, 313 S.W.2d 281, 286 (1958). The Fort Worth Court of Appeals has specifically ruled that a subsequent judge can withdraw a previous sanctions order entered by another judge. *Carrizales v. Wal–Mart Stores, Inc.*, 794 S.W.2d 129, 130 (Tex.App.—Fort Worth 1990, writ denied) (successor judge had absolute right to set aside multimillion dollar sanction order entered by predecessor judge).

■ Further, the record does not support appellants' claims that appellees engaged in "judge shopping" until they found a judge willing to set aside the sanctions order. Our state constitution provides that district judges may exchange districts or hold court for one another whenever it is expedient. TEX. CONST. art. 5, § 11. In Bexar County, which utilizes a central docket system, the presiding judge assigns cases to any available judge, including currently elected judges and visiting judges. *See* Local Rules of the Civil District Courts of Bexar County, Rule 3.2. Since the jurisdiction to reconsider an interlocutory ruling is vested in the court rather than the individual judge, and since one district judge may hold court for another district judge, Judge Reed had authority to rule on the motions for sanctions and for contempt. That authority was not vested solely in Judge Cantu as the judge who issued the sanctions order. *See Hyundai Motor America v. O'Neill*, 839 S.W.2d 474, 481 (Tex.App.—Dallas 1992, no writ).

## SANCTIONS ORDER

■ To the extent Judge Reed's order constituted a review of the interlocutory sanctions order issued by Judge Cantu, it was an authorized exercise of her authority. Likewise, Judge Reed had authority to rule on the motions to compel and for sanctions.[2] We find no abuse of discretion in her ruling. A hearing on a motion for sanctions is like a non-jury trial and the trial judge's order will not be disturbed if it is supported by any evidence of probative force. *Tate v. Commodore County Mut. Ins. Co.*, 767 S.W.2d 219, 224 (Tex.App.—Dallas 1989, writ denied). In determining whether a trial court abused its discretion in issuing a sanctions order, appellate courts should view the evidence in the light most favorable to the trial court's ruling. *Vaughn v. Texas Employment Comm'n*, 792 S.W.2d 139, 142–43 (Tex.App.—Houston [1st. Dist.] 1990, no writ); *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial

---

2. The motions to compel answers to interrogatories and for sanctions are not included in this Court's transcript; however, all parties argued the merits of these motions at the hearing before Judge Reed.

error of law. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *City of Dallas v. Ormsby, et al.,* 904 S.W.2d 707, 709 (Tex. App.—Amarillo 1995, n.w.h.). In the instant case the court heard extensive argument from all parties, and rather than imposing monetary sanctions, the court: (1) ordered appellants to clarify their objections to the discovery produced by appellees; (2) established a deadline for appellees to furnish supplemental responses; and (3) ordered both appellees to submit to second depositions. We find no abuse of discretion in this ruling.

## CONTEMPT RULING

■ In addition to the motion to compel and for sanctions, appellants presented to Judge Reed their motion for contempt based upon appellees' alleged failure to comply with the order of August 1, 1990. That motion was denied by Judge Reed because she found the prior sanctions order to be unenforceable as a matter of law. This court has no jurisdiction to entertain an appeal from a refusal to hold a party in contempt because it is not a final, appealable judgment. *Norman v. Norman,* 692 S.W.2d 655, 655 (Tex.1985) (per curiam); *Ex parte Cardwell,* 416 S.W.2d 382, 384 (Tex.1967); *see also Gawlik v. Gawlik,* 707 S.W.2d 256, 257 (Tex.App.—Corpus Christi 1986, no writ).

To the extent appellants complain of the trial court's order refusing to hold appellees in contempt, this court has no jurisdiction and renders no opinion. In all other regards the judgment of the trial court is affirmed.