

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-22-00109-CV

_____

**HENRY GEORGE, SIMULATOR VENTURES, LLC**
**AND SIMULATOR CENTER, LLC,**

**Appellants**

**v.**

**SABRE UPDATES, INC.,**

**Appellee**

_____

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2020-176-4**

_____

## MEMORANDUM OPINION

_____

This interlocutory appeal arises from the trial court's denial of a special appearance filed by appellants, Henry George, Simulator Ventures, LLC ("Ventures"), and Simulator Center, LLC ("Center"). In one issue, appellants contend that the trial court erred by refusing to hear their special appearance, striking supporting evidence in support of their special appearance, and ultimately denying their special appearance. We affirm.

**Procedural and Factual History**

George, a Florida resident, formed Ventures in 2015, as a limited liability corporation registered in Delaware but operating in Florida. Ventures owns one ATR flight simulator, which is a device that artificially recreates aircraft flight. George, a former airline pilot and flight instructor for more than fifty years, maintains a 61% ownership interest in Ventures. George formed Center in 2018, but no longer holds any interest in the company. Center is a flight school that operates in Florida and uses Venture's ATR flight simulator.

Beginning in 2016, appellee, Sabre Updates, Inc. ("Sabre"), provided support and repairs on the ATR flight simulator. George regularly communicated with Sabre on behalf of Ventures. This dispute arose when appellants failed to pay invoices from April 2017 to August 2017, for approximately $185,932.10 of goods and services provided by Sabre. Sabre filed the lawsuit in Texas against appellants, alleging an unpaid account, breach of contract, quantum meruit, fraudulent inducement, breach of guaranty, and unpaid attorney's fees. After being served with Sabre's lawsuit, appellants filed a special appearance, alleging that the trial court had no personal jurisdiction over them.

While appellants' special appearance was pending, a discovery dispute arose between the parties. In a motion to compel, Sabre alleged that appellants only produced seven pages in response to discovery requests from Sabre. After a telephonic hearing,

the court granted Sabre's motion to compel. In response to the trial court's ruling on Sabre's motion to compel, appellants supplemented discovery with 112 additional pages.

Because Sabre believed that appellants were engaging in discovery abuse, Sabre filed a motion for contempt. After a hearing, the trial court found appellants in civil and criminal contempt for various discovery abuses. Appellants were ordered to produce a number of documents responsive to Sabre's discovery requests, and the trial court ordered appellants to pay $7,820 in attorney's fees to Sabre. In this order, the trial court denied Sabre's request to strike the verification filed by George in support of the special appearance.

At a subsequent status hearing, the trial court determined that George and Ventures "failed to comply with the Contempt Order by failing to supplement discovery responses, produce certain responsive documents, and provide certifications as described in Paragraphs 1-3 of the Contempt Order, and such failures continued as of December 8, 2021." The trial court further determined that Center's contempt had been purged regarding discovery, but that all the appellants remained in contempt for failing to pay the $7,820 in attorney's fees to Sabre. As a result of appellants' continued contemptuous actions, the trial court struck George's verification filed in support of the special appearance and precluded George "from submitting a further affidavit or verification in support of the Special Appearance." And in the absence of a verification of affidavit in support of the special appearance, the trial court denied appellants' special appearance

as lacking support in the evidence and the law. This accelerated, interlocutory appeal followed.

**Analysis**

In their sole issue on appeal, appellants challenge the trial court's denial of their special appearance. Included in this issue are a number of sub-issues, including a complaint that the trial court's discovery sanctions of striking George's verification filed in support of the special appearance and precluding George "from submitting a further affidavit or verification in support of the Special Appearance" constituted a death-penalty sanction that was severe and inappropriate given that lesser sanctions were not considered first. Appellants also contend that the trial court violated their due-process rights by granting continuances in favor of Sabre and refusing to hear their special appearance.

DISCOVERY SANCTIONS

A Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment or it is specifically permitted under the statutory list of appealable interlocutory orders. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *see Goodchild v. Bombardier-Rotax GMBH Motorenfabrick*, 979 S.W.2d 1, 4-5 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). This list allows a defendant to appeal the trial court's interlocutory order denying a special appearance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7). Discovery sanction orders are not appealable interlocutory orders. *See id.*;

*Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex. App.—San Antonio 1996, no writ); *see also Royal Solaris Caribe Hotel & Marina v. Ranselm*, No. 14-99-01255-CV, 2000 Tex. App. LEXIS 3991, at **4-5 (Tex. App.—Houston [14th Dist.] June 15, 2000, pet. denied) (holding that, in an interlocutory appeal challenging the denial of multiple special appearances, the appellate court is without jurisdiction to address the propriety of the trial court's striking of the only affidavit filed in support of the special appearances as discovery sanctions). Rather, mandamus is the only method of obtaining interlocutory review of discovery sanctions, including "death penalty" sanctions, in select circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992); *Velez v. DeLara*, 905 S.W.2d 43, 45 (Tex. App.—San Antonio 1995, no writ) ("We recognize that discovery sanctions cannot be the subject of an interlocutory appeal, and are rarely a proper subject for mandamus review."); *see also Ranselm*, 2000 Tex. App. LEXIS 3991, at *4.

Here, although part of the issue raised by appellants concerns the propriety of the trial court's discovery sanctions, we find that we are without jurisdiction to address the discovery sanctions. We will, however, address appellants' remaining complaints pertaining to alleged due-process violations and the trial court's denial of the special appearance.

ALLEGED DUE-PROCESS VIOLATIONS

Appellants contend that their due-process rights were violated when the trial court repeatedly refused to hear their special appearance. In making this argument,

appellants complain about two continuances that were granted to address deficient jurisdictional discovery.

The Texas Supreme Court has recently stated the following with regard to jurisdictional discovery:

> Texas Rule of Civil Procedure 120a addresses the procedures for making and contesting special appearances. Among other things, the rule sets out the materials that may form the basis of a trial court's ruling in a special appearance: "the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony." TEX. R. CIV. P. 120a(3). We have described "relevant discovery" as "a vital part of resolving a special appearance." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 307 (Tex. 2004).
>
> When a party opposing a special appearance lacks "facts essential" to its opposition, a trial court may order a continuance to allow the party to obtain jurisdictional discovery. TEX. R. CIV. P. 120a(3) ("Should it appear from the affidavits of a party opposing the motion that he cannot . . . present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."). Continuances for jurisdictional discovery are reviewed under an abuse-of-discretion standard. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (concluding trial court did not abuse its discretion by denying party's motion for continuance to conduct further jurisdictional discovery where party had "ample time to conduct, and did conduct, discovery"); *see Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

*In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 676 (Tex. 2022).

In the instant case, the trial court set the hearing on appellants' special appearance twice. Both times, Sabre filed verified motions for continuance due to appellants' purported failures to produce jurisdictional discovery. Sabre explained that it served

discovery related to the formation of its contractual agreements with each defendant. Sabre further explained that these contract-formation requests were significant and relevant to the jurisdictional inquiry because the Terms of Sale incorporated as part of the agreement contained Texas choice of law and forum-selection provisions. Appellants refused to produce this information despite being ordered to do so by the trial court multiple times. Appellant's refusal to produce the requested information is what prompted the granting of the continuances. Appellants, however, contended that they did not produce this information because it addressed the merits of the underlying lawsuit, and because they sought to avoid waiving their special appearance.

The Texas Supreme Court has rejected the argument that jurisdictional discovery must relate exclusively to the jurisdictional question. *See id.* at 676-77 ("Nothing in Rule 120a or our cases suggests that jurisdictional discovery must relate *exclusively* to the jurisdictional question . . . . To the contrary, we have indicated that jurisdictional discovery may overlap with merits issues in certain circumstances. . . . Indeed, Rule 120a itself recognizes that issues of fact determined in a special appearance may also be relevant to the merits, as it expressly leaves those issues open for redetermination at the merits stage." (internal citations omitted & emphasis in original)).

Furthermore, Rule 120a specifically provides that "issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance." TEX. R.

CIV. P. 120a(1); *see Nationwide Distrib. Servs. v. Jones*, 496 S.W.3d 221, 224 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Based on the foregoing, we cannot say that it was an abuse of discretion or a violation of due process for the trial court to grant Sabre's verified motions for continuance. *See In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d at 676; *see also BMC Software Belg., N.V.*, 83 S.W.3d at 800.

THE SPECIAL APPEARANCE

As noted earlier, special appearances are governed by Rule 120a of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 120a. That rule requires special appearances to be made by a "sworn motion." TEX. R. CIV. P. 120a(1); *see Casino Magic Corp. v. King*, 43 S.W.3d 14, 18 (Tex. App.—Dallas 2001, pet. denied) (op. on reh'g). Strict compliance with Rule 120a is required. TEX. R. CIV. P. 120a(1); *see Slater v. Metro Nissan*, 801 S.W.2d 253, 254 (Tex. App.—Fort Worth 1990, writ denied); *see also Casino Magic Corp.*, 43 S.W.3d at 18. Further, a trial court does not err in denying an unsworn special appearance. *Casino Magic Corp.*, 43 S.W.3d at 18 (citing *Villalpando v. De La Garza*, 793 S.W.2d 274, 276 (Tex. App.—Corpus Christi 1990, no writ)); *see Dawson-Austin v. Austin*, 968 S.W.2d 319, 321-22 (Tex. 1998) ("As the lower courts both held, an unsworn special appearance does not comply with Rule 120a(1), TEX. R. CIV. P. and thus is ineffectual to challenge in personam jurisdiction.").

In this case, George's verification was attached to the special appearance and was filed on behalf of all appellants. Because the trial court struck George's verification in support of the special appearance and precluded George from submitting any further affidavit or verification as a sanction for discovery abuse, the special appearance was not sworn or verified.[1] And because the special appearance was not sworn or verified as required by Rule 120a, we conclude that the trial court did not err by denying the special appearance. *See* TEX. R. CIV. P. 120a; *Dawson-Austin*, 968 S.W.2d at 321-22; *Casino Magic Corp.*, 43 S.W.3d at 18; *Villalpando*, 793 S.W.2d at 276; *see also Ranselm*, 2000 Tex. App. LEXIS 3991, at *6. We overrule appellants' sole issue on appeal.

**Conclusion**

We affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
(Chief Justice Gray concurring with a note)
Affirmed
Opinion delivered and filed August 24, 2022
[CV06]

---

[1] We recognize that Rule 120a(1) provides that the lack of verification can be cured by amendment. *See* TEX. R. CIV. P. 120a(1); *see also Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998). However, the trial court's discovery sanction specifically precluded George from submitting any further affidavit or verification, and the record does not reflect that representatives for either Ventures or Center attempted to or have requested an opportunity to cure the lack of verification by amendment.

*(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue. He notes, however, that he is of the opinion that the Court does have the jurisdiction necessary to reach any issue upon which the denial of the special appearance is necessarily based. Thus, he believes, because it was properly challenged on appeal, that the Court must address the propriety of the trial court's discovery sanction order. Having examined the arguments of the parties and the relevant case law, Chief Justice Gray finds that the trial court did not abuse its discretion by ordering the discovery sanctions based on the Appellant's abuse of the discovery process on issues related to the Appellant's special appearance. Because the discovery sought was appropriate as it was sufficiently connected to the special appearance, and because the failure to fully respond to the discovery was an abuse of the discovery process, the trial court's discovery sanction was not an abuse of discretion. It is not a death penalty sanction. The Appellant's still have all their defenses, if any, but by their discovery abuse they effectively forfeited their special appearance. Chief Justice Gray would expressly not follow the holding in *Royal Solaris Caribe Hotel & Marina v. Ranselm*, No. 14-99-01255-CV, 2000 Tex. App.—Houston [14th Dist.] June 15, 2000, pet. denied)).

