**William Evan LITCHFIELD, Appellant,**

v.

**Barbara H. LITCHFIELD, Appellee.**

**No. 01–89–00585–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 26, 1990.

Stuart B. Collins, Houston, for appellant.

Susan S. Soussan, Randall B. Wilhite, and Bruce Zivley, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a post-answer default judgment for child support arrearages in the principal amount of $43,800.00.

The trial court entered a default judgment against appellant, William Litchfield, because neither he nor his attorney was present at the time the case was called for trial. Appellant timely filed a motion for new trial, and, after a hearing, the trial court denied the motion. We reverse.

In his first point of error, appellant asserts that the trial court abused its discretion in denying appellant's motion for new trial.

A motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Strackbein v. Prewitt,* 671 S.W.2d

37, 38 (Tex.1984). However, trial courts do not have unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. *Id.* The guiding rule, applicable alike to motions for new trial that seek to set aside default judgments entered on failure of a defendant to file an answer, and those entered on failure to appear for trial, was stated in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939), as follows:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex. 1966) (quoting *Craddock,* 134 Tex. at 393, 133 S.W.2d at 126).

Appellee filed no response to appellant's motion for new trial.[1] Where factual allegations in a movant's affidavits are not controverted, they will be sufficient to entitle the movant to a new trial if facts are set forth that, if true, would negate intentional or consciously indifferent conduct. *Strackbein,* 671 S.W.2d at 38–39.

Appellant's motion for new trial was accompanied by affidavits from appellant and his trial counsel. His trial counsel's affidavit stated the following facts: An evidentiary hearing was set for February 20, 1989, on appellee's "motion to enforce child support order by contempt, to confirm arrearage and render judgment, and to withhold from earnings." On February 20, 1989, at approximately 8:20 a.m., appellant's counsel telephoned the clerk of the trial court and advised her that he had other matters pending that morning in two other Harris County district courts, and he would be in the trial court as soon as

---

1. Also, appellee did not file a responsive brief in    this appeal.

possible; he told the clerk which courts he would be in. Appellant's counsel was in one district court from 9:00 a.m. to 10:00 a.m. in connection with pleas in abatement, a motion to stay, and special exceptions. When he arrived in the second court to oppose a motion for summary judgment at approximately 10:00 a.m., he was advised that he needed to go to the trial court immediately because it appeared that the trial court was going to proceed without him. When appellant's counsel arrived in the trial court at approximately 10:05 a.m., he learned that the trial court had entered a default judgment against appellant, apparently without considering appellant's pending motion to dismiss, motion for continuance, and special exceptions. It appeared to appellant's counsel that the trial court had entered the default judgment when the judge reached the incorrect conclusion that appellant's counsel was not in fact in either of the other two courts that morning. Attached to the affidavit of appellant's counsel is a handwritten letter from the presiding judge of the first court that appellant's counsel had appeared in that court on February 20; the letter confirms that appellant's counsel was present in that court from 9:00 a.m. until approximately 10:00 a.m. on February 20.

Appellant's counsel's affidavit continues as follows: He had sought an agreement for a one week continuance of the trial in written correspondence with appellee's counsel due, in part, to the fact he had several other hearings scheduled for the morning of February 20, but appellee's counsel refused to agree to a continuance. He had also attempted to reschedule the matters pending in the other two district courts so that he could proceed solely with the trial in the trial court, but neither the courts nor the other opposing counsel would agree to continuances. He acted in complete good faith and did not intentionally delay the trial court's proceedings; he did everything he could to accommodate the trial court's docket.

In determining whether there was intentional disregard or conscious indifference, we must look to the knowledge and acts of the defendant and his counsel. *Strackbein*, 671 S.W.2d at 39. Appellant's counsel's affidavit constituted the only evidence before the trial court on that issue, and we find that there is no reasonable interpretation of that affidavit which would constitute evidence that he intentionally, or with conscious indifference, allowed a judgment to be entered against his client by his failure to be physically present in the trial court when the case was called for trial. Rather, the affidavit shows appellant's counsel was mistaken when he anticipated the trial court would delay the start of trial until he was in attendance.[2]

We further find that appellant's motion for new trial, with supporting affidavits, satisfies the second and third requirements of *Craddock*, i.e., it sets up a meritorious defense, and it was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to appellee.

It is true that the trial court apparently reached a different conclusion after conducting a hearing on appellant's motion for new trial. However,

> [t]he issue is not one of which court's discretion shall prevail. Rather, it is a matter of the appellate court reviewing the acts of the trial court to determine if a mistake of law was made. The law in the instant case is set out in *Craddock*. That law requires the trial court to test the motion for new trial and the accompanying affidavits against the requirements of *Craddock*. If the motion and the affidavits meet those requirements, a new trial should be granted.

*Strackbein*, 671 S.W.2d at 39.

We hold that, in this case, the *Craddock* requirements have been met, and we accordingly sustain appellant's first point of error. It is therefore unnecessary to address appellant's remaining points of error.

---

**2.** From the transcript of the non-evidentiary hearing on the motion for new trial, it appears that the trial judge did request his clerk to locate appellant's counsel in the other courts, and the clerk was unable to do so. The trial court then proceeded to trial without appellant's counsel.

We reverse the judgment and remand the cause for a new trial.

EVANS, C.J., dissents.

EVANS, Chief Justice, dissenting.

The majority opinion is apparently premised on the assumption that the trial court, in considering appellant's motion for new trial, had to accept appellant's explanation of his failure to appear at trial. As the majority states, appellant claimed he had acted in "complete good faith," had not intentionally delayed the trial court's proceedings, and had done everything he could to accommodate the trial court's ·docket. Because appellee did not controvert appellant's affidavit, the majority concludes that the trial court had to find that appellant's failure to appear was not intentional or the result of conscious indifference.

In my opinion, the trial court was not bound to accept appellant's explanation as a plausible justification for his failure to appear at the scheduled time of trial. Appellant's explanation was simply that he had two other cases set at the same time in other courts, which delayed his appearance in the instant case. When appellant's counsel made this explanation, the court responded:

Well, I don't know, counsel. Did you call over here and tell anybody you were on your way?

[Appellant's Counsel]: Yes, Your Honor. On February 20, 1989, at approximately 8:20 a.m. I telephoned your clerk, Tammy, and advised her that I was due in the 127th and 133rd District Courts that morning. I advised her that I would be in this court as quickly as possible. I attended docket call—

[The Court]: Why did those cases take preference over this court?

[Appellant's Counsel]: Your Honor, there were about six matters that were set. Both of those cases involved—

[The Court]: What were the numbers of those cases?

[Appellant's Counsel]: Pardon me, Your Honor?

[The Court]: Well, we have a rule, when you've got two cases set in two different District Courts, the lower number takes precedence.

[Appellant's Counsel]: Your Honor, this is a 1982 case, the matter pending before this Court; the cause number is 1982. The matters pending before the 127th and the 133rd had certainly been previously filed. They were filed back in 1988, the very early portion of 1988. It's my understanding that petitioner's Motion for Arrearage Judgment was not filed until later.

[The Court]: Filed has nothing to do with it.

The new Administrative Rules, Supreme Court, legislature—It's the number of the case.

The question presented by the record is whether the trial court was compelled, as a matter of law, to accept appellant's explanation regarding his failure to appear at trial. Stated differently, does the record clearly show that appellant's conduct.did not constitute conscious indifference.

When a party fails to appear at a scheduled trial date, he must demonstrate, in order to avoid a default judgment, that his failure to appear was not intentional or the result of conscious indifference. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). In such a case, the term "conscious indifference" means something other than an intentional failure to appear. *Johnson v. Edmonds*, 712 S.W.2d 651, 653 (Tex.App.—Fort Worth 1986, no writ). The term has been defined as "a failure to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances." *Id.* at 653.

Here, appellant's counsel, with full knowledge of the scheduled trial setting, decided to give preference to two unrelated matters pending in other courts. He notified the court clerk that he would attend the court's call "as soon as possible," but evidently, he made no effort to learn whether the court would delay disposition in his case. Appellant does not contend that the court or opposing counsel misled

him about the court's disposition of the case. He merely argues that the court acted arbitrarily and unreasonably in proceeding to hear the case in his absence.

When a lawyer accepts professional employment, he or she has the continuing duty to represent the client with promptness and diligence, notwithstanding any personal inconvenience. Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, sec. 9 (Code of Professional Responsibility) DR 1–101 (1989).[1] A lawyer is entitled to represent multiple clients, and if a conflict arises in a lawyer's court appearances, he or she may seek the court's assistance in rescheduling trial settings. *Id.* In the absence of some special rule, however, it remains the lawyer's duty, not the duty of the judge or trial clerk, to appropriately reschedule such conflicts. *See Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 999 (1950).

In my opinion, the trial court was justified in finding that appellant's counsel acted with conscious indifference toward his client's interests, and that he failed to fulfill a lawyer's responsibility to represent his client in court. Thus, I would hold that the trial court did not abuse its considerable discretion in overruling appellant's motion for new trial.

I would accordingly overrule appellant's first point of error.

I would also overrule appellant's second point of error, in which he contends the trial court lacked jurisdiction to consider appellee's motion to confirm arrearage and render judgment.

A court has jurisdiction to enter judgment for past-due child support obligations if an appropriate motion is filed within two years after the child becomes an adult, or after the support obligation terminates pursuant to the decree or order, or by operation of law. Tex.Fam.Code Ann. sec. 14.-41(b) (Vernon 1986). Furthermore, Tex. Fam.Code Ann. sec. 14.05 (Vernon 1986) provides that the court can order support until the child is 18 years of age, and that the support can extend past the eighteenth birthday, if the child is fully enrolled in an accredited secondary school in a program leading towards a high school diploma. The divorce decree in this suit lists appellant's children as his dependents, and entitles them to receive support payments while they are full-time students in a public or private institution for higher education, until the age of 23 years.

Appellant contends that the court cannot give this language effect because there is no specific language in the decree making the payments contractually enforceable. *See Elfeldt v. Elfeldt,* 730 S.W.2d 657, 658 (Tex.1987). Thus, according to appellant, the two-year statute of limitations began to run when his children graduated from secondary school. The record reflects that appellant's youngest child graduated from secondary school on May 15, 1986, and that appellee did not bring this suit until November 15, 1988. Therefore, appellant asserts that the two-year statute of limitations is past, and the court lacks jurisdiction to render judgment for past-due child support.

In my opinion, appellant has not conclusively shown by the record that the trial court lacks jurisdiction to render a decree. Whether appellee will ultimately be entitled to the relief sought may well depend upon the interpretation of the language in the divorce decree, as applied to the facts of the case. But, such matters do not present a jurisdictional defect that compels this Court to vacate the court's default judgment.

In appellant's third point of error, he contends the trial court erred in not holding that service of process was inadequate, because it was performed by a law clerk to appellee's counsel. Appellant contends this service was fatally defective, because it was effected by "a party to or interested in

---

**1.** Rule 1.01 of the new Texas Rules of Professional Conduct specifically states that a lawyer "shall not" *neglect* a legal matter entrusted to his or her care. Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, sec. 9 (Rules of Professional Conduct) Rule 1.01(b)(1990). The term "neglect" is defined as inattentiveness involving a conscious disregard for the responsibilities "owed the client." Rule 1.01(c).

the outcome of the suit," in violation of Tex.R.Civ.P. 103.

I would also overrule this point of error. Appellant did not submit any proof at the motion for new trial hearing showing that the person serving the citation actually worked as a law clerk for appellee's counsel at the time the process was served. Moreover, even assuming such an employment relationship, appellant has not demonstrated that such a relationship, in itself, constitutes a violation of the rules, rendering the citation fatally defective.

Additionally, this is a post-answer default case, and appellant had previously entered his appearance in the case. The record clearly shows that appellant's counsel knew of the setting and yet still failed to appear. Similarly, I see no basis for appellant's argument that because he had requested a jury trial, the court did not have the authority to enter a default judgment against him. Appellant had entered an appearance in the case, and he simply failed to appear for trial at the appointed time.

I would overrule appellant's points of error three and four and would affirm the trial court's judgment.

