In the Interest of BAC a Child
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00243-CV

IN THE INTEREST OF B.A.C., A CHILD

 

From the 66th District Court
Hill County, Texas
Trial Court # 28,034
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This is an appeal of a judgment awarding child-support arrearages, and an attempted
appeal of the contempt order included in that judgment. We dismiss the attempted appeal of
the contempt order and affirm the judgment.
I. FACTUAL BACKGROUND
      Appellant Larry Clark married Appellee Anna Marie Troxell, formerly Anna Marie Clark,
in 1983. In February, 1984, Troxell gave birth to a daughter, B. A. C. In September, 1984,
Clark and Troxell were divorced. The divorce decree appointed Troxell managing conservator
of B. A. C. and ordered Clark to pay child support to Troxell. In 1988 or 1989, B. A. C.
went to live with Troxell’s father, Royce Gene Daily. In 1998, the court appointed Daily
managing conservator of B. A. C. and ordered Clark to pay child support to Daily.
      By 2001, Clark had paid approximately $5,100 of the approximately $7,200 in child
support that he owed to Daily. The Attorney General, on Daily’s behalf, moved for
enforcement of the modification order’s child-support order. The Attorney General sought
only child support that had accrued since Daily’s appointment as conservator. The trial court
awarded Daily approximately $2,300 in child-support arrearages.
      In 2002, Troxell filed a motion for enforcement of the divorce decree’s child-support
order. Troxell sought only child support that had accrued before the appointment of Daily as
managing conservator. Clark had paid $120 of the approximately $23,500 in child support that
he owed Troxell. The trial court ordered Clark to pay Troxell approximately $23,400 in child-support arrearages plus attorney’s fees and found Clark in contempt for the failure to make
payments in the past.
II. ANALYSIS
A. Issue 1
      In Clark’s first issue, he seeks review of that part of the trial court’s judgment holding him
in contempt. We lack jurisdiction over the issue. A contempt order is not an appealable final
judgment. See Norman v. Norman, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam); Tex.
Dep’t of Human Resources v. Hebert, 621 S.W.2d 466, 467 (Tex. Civ. App.—Waco 1981, no
writ); Hatton v. Grigar, No. 14-03-01210-CV, 2004 Tex. App. LEXIS 377, at *3 (Tex.
App.—Houston [14th Dist.] Jan. 15, 2004, no pet.) (mem. op.); In re K.S.E., No. 04-02-00319-CV, 2003 Tex. App. LEXIS 4680, at *2 (Tex. App.—San Antonio June 4, 2003, no
pet.) (mem. op.).
      This Court has held that “[i]t is appropriate to appeal from the denial of a motion to
enforce in a” suit affecting the parent-child relationship. In re Taylor, 45 S.W.3d 357, 358 
(Tex. App.—Waco 2001, orig. proceeding [mand. denied]). There, we described the motion
as a “motion to enforce/for contempt.” Id. To the extent that Taylor suggests that a contempt
order is a final, appealable order, we take this opportunity to overrule it.
      Our holding in Taylor is not supported by the authorities that we cite there. In Taylor, we
cited two cases. See id. at 358 (citing In re A.B., 994 S.W.2d 229 (Tex. App.—Eastland
1999, pet. denied); Litchfield v. Litchfield, 794 S.W.2d 105 (Tex. App.—Houston [1st Dist.]
1990, no writ)). Neither case supports the holding that contempt judgments are appealable. In
A.B., though the appellant presented an issue concerning the denial of a motion for contempt,
the court did not reach the issue of contempt but decided the case on another issue. A.B. at
230, 232. In Litchfield, moreover, although a motion for contempt was presented to the trial
court, the appeal concerned only the summary judgment for child-support arrearages. 
Litchfield at 106, 107. In Taylor, we also noted that the Texas Family Code generally defines
“order” as a “final order unless identified as a temporary order or the context clearly requires
a different meaning.” Taylor at 358 (quoting Tex. Fam. Code Ann. § 101.023 (Vernon
2002)). The legislative history of that section does not support our holding that contempt
orders are appealable. Section 101.023 was added by House Bill 655 of the Seventy-Fourth
Legislature. See Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws
113, 113 (amended 1997-2003). The Bill Analysis of H.B. 655 by the House Committee on
Juvenile Justice and Family Issues states: “The intent of” H.B. 655 “is a nonsubstantive
recodification of the statutes relating to parents and children and suits affecting the parent-child
relationship. This recodification does not make changes in the meaning or intent of present
law.” House Comm. on Juv. Just. & Fam. Issues, Bill Analysis, Tex. H.B. 655, 74th
Leg., R.S. (1995), http://www.capitol.state.tx.us/cgi-bin/tlo/textframe.cmd?LEG=74&SESS=R&CHAMBER=H&BILLTYPE=B&BILLSUFFIX=00655&VERSION=2&TYPE=A
(last visited Mar. 26, 2004); see also Senate Comm. on Jurisprudence, Bill Analysis,
Tex. H.B. 655, 74th Leg., R.S. (1995), http://www.capitol.state.tx.us/cgi-bin/tlo/textframe.cmd?LEG=74&SESS=R&CHAMBER=H&BILLTYPE=B&BILLSUFFIX=00655&VERSION=4&TYPE=A (last visited Mar. 26, 2004).
      The law prior to and since 1995 has been that a ruling on a motion for contempt is not
appealable, but can only be challenged by an original proceeding. See Norman, 692 S.W.2d at
655; Wagner v. Warnasch, 156 Tex. 334, 338-39, 295 S.W.2d 890, 892-93 (1956); Andrews
v. Andrews, Dallam 427, 428-29 (Tex. 1841); Wall St. Deli, Inc. v. Boston Old Colony Ins.
Co., 110 S.W.3d 67, 70 (Tex. App.—Eastland 2003, no pet.); see Rosser v. Squier, 902
S.W.2d 962 (Tex. 1995) (orig. proceeding) (per curiam) (mandamus relief from fine assessed
under contempt order). The law that a denial of a motion for contempt is not an appealable
order is at least as strong as the law that the imposition of a contempt order is not appealable. 
See Wagner, 156 Tex. at 338-39, 295 S.W.2d at 892-93; Montes v. State, No. 05-03-01564-CR, 2003 Tex. App. LEXIS 9021, at *1 (Tex. App.—Dallas Oct. 23, 2003, no pet.) (not
designated for publication) (mem. op.) (per curiam); Chambers v. Rosenberg, 916 S.W.2d
633, 634 (Tex. App.—Austin 1996, writ denied) (per curiam) (temporary injunction); Velez v.
De Lara, 905 S.W.2d 43, 46 (Tex. App.—San Antonio 1995, no writ) (discovery sanctions);
Kawazoe v. Davila, 849 S.W.2d 906, 908 (Tex. App.—San Antonio 1993, no writ) (child
support) (pre-1995 Family Code). The other courts of appeals considering suits affecting the
parent-child relationship that arose under the 1995 Family Code have continued to hold that
rulings on motions for contempt are not appealable. E.g., Franyutti v. Franyutti, No. 04-02-00786-CV, 2003 Tex. App. LEXIS 9558, at *19 (Tex. App.—San Antonio Nov. 12, 2003, no
pet.) (mem. op.) (child support); In re T.L.K., 90 S.W.3d 833, 841 (Tex. App.—San Antonio
2002, no pet.) (child support); Hastings v. Hastings, No. 03-00-00524-CV, 2001 Tex. App.
LEXIS 3160, at *17 (Tex. App.—Austin May 17, 2001, pet. denied) (not designated for
publication) (protective order); In re M.E.G., 48 S.W.3d 204, 208 (Tex. App.—Corpus Christi
2000, no pet.) (child support); In re Gergen, No. 07-98-0137-CV, 1999 Tex. App. LEXIS
1629, at *3-*4 (Tex. App.—Amarillo Mar. 10, 1999, no pet.) (not designated for publication)
(visitation); Foster v. Foster, No. 14-96-01051-CV, 1998 Tex. App. LEXIS 761, *10 (Tex.
App.—Houston [14th Dist.] Feb. 5, 1998, no pet.) (not designated for publication) (divorce
and custody); Lochner v. McCall, No. 05-97-00740-CV, 1997 Tex. App. LEXIS 4711, at *4
(Tex. App.—Dallas Aug. 29, 1997, writ denied) (not designated for publication) (custody); Ex
parte Binse, 932 S.W.2d 619, 620 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding)
(child support); see In re Jones, No. 01-03-00393-CV, 2003 Tex. App. LEXIS 7771, at *1-*2
(Tex. App.—Houston [1st Dist.] Aug. 29, 2003, orig. proceeding [habeas corpus denied])
(mem. op.) (child support); Ex parte Thomas, No. 06-00-00147-CV, 2000 Tex. App. LEXIS
8228, at *3 (Tex. App.—Texarkana Dec. 11, 2000, orig. proceeding) (not designated for
publication) (spousal support); Bobo v. Womble, No. 03-99-00730-CV, 2000 Tex. App.
LEXIS 4604, at *8 (Tex. App.—Austin July 13, 2000, no pet.) (not designated for publication)
(child support). Our holding today thus brings us back into accord with the Texas Supreme
Court and the other courts of appeals.
      Clark’s first issue is dismissed for want of jurisdiction.


 
B. Issues 2 and 3
      In Clark’s second issue, he contends that Troxell did not have possession of B. A. C. and
did not contribute to her support, and thus should not be awarded child support. In Clark’s
third issue, he contends that the trial court should have joined Daily in the child-support
enforcement action. Clark briefs his second and third issues together, and briefly argues
several contentions.
1.
      Clark contends that the trial court “erred in failing to consider” the affirmative defenses of
estoppel, laches, and res judicata. See Tex. R. Civ. P. 94. An affirmative defense is waived
if not pleaded. Kinnear v. Tex. Comm’n on Human Rights, 14 S.W.3d 299, 300 (Tex. 2000)
(per curiam). The record does not contain any pleadings filed by Clark. 
      a.   Estoppel. Clark contends that Troxell is estopped from enforcing Clark’s child-support obligation. The primary elements of estoppel are “that the party claiming the estoppel
must show that a false representation or concealment of material facts exists,” and “that the
party relying on an estoppel must have acted on it to his prejudice.” Concord Oil Co. v. Alco
Oil & Gas Corp., 387 S.W.2d 635, 639 (Tex. 1965); A.R. Clark Inv. Co. v. Green, 375
S.W.2d 425, 435 (Tex. 1964). Clark does not suggest that he pleaded estoppel. Clark argues, 
rather, that the issue was tried by consent. Yet the only evidence to which Clark points as
showing estoppel was admitted over Troxell’s objection that the evidence was not relevant to
the pleadings. An issue is tried by consent only when a party introduces evidence relevant to
the unpleaded issue without objection. See Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993). 
Nor, in any case, does the evidence to which Clark points tend to show estoppel. Clark points
only to evidence that Troxell only occasionally paid Daily for the maintenance of B. A. C. 
This is no evidence of misrepresentation or reliance. Clark did not raise estoppel. Thus,
Clark’s estoppel argument does not support his issues.
      b.   Laches. Clark contends that Troxell’s action for child-support arrearages is barred by
laches. “Two essential elements of laches are (1) unreasonable delay by one having legal or
equitable rights in asserting them; and (2) a good faith change of position by another to his
detriment because of the delay.” Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 80 (Tex.
1989). Clark does not suggest that he raised the affirmative defense of laches, and he thus
waived laches. In any case, laches generally does not bar actions within the statute of
limitations. Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998). There is, in effect, no
longer any statute of limitations on the confirmation of child-support arrearages. See Tex.
Fam. Code Ann. § 157.005(b) (Vernon 2002); In re T.G., No. 03-02-00090-CV, 2002 Tex.
App. LEXIS 8765, at *9-*12 (Tex. App.—Austin Dec. 12, 2002, no pet.) (not designated for
publication) (Legislature intends “long period of reasonableness” for child-support
enforcement). Thus, Clark’s laches argument does not support his issues.
      c.   Res Judicata. Clark contends that Troxell’s child-support enforcement action is
barred by res judicata. “Res judicata precludes relitigation of claims that have been finally
adjudicated, or that arise out of the same subject matter and that could have been litigated in
the prior action.” Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). 
Clark argues that the child-support judgment in favor of Daily was res judicata of Clark’s
child-support obligation to Troxell. Clark does not suggest that he raised the affirmative
defense of res judicata, and he thus waived res judicata. Accordingly, Clark’s res-judicata
argument does not support his issues.
2.
      Clark briefly argues several matters grouped under the heading “best interests [sic] of the
child.”
      a.   Equity. Clark contends that “Principles of Equity mitigate [sic] against awarding a
windfall to” Troxell. “The essence of equity jurisdiction has been the power of the Chancellor
to do equity and to mould each decree to the necessities of the particular case.” Hyde Corp. v.
Huffines, 158 Tex. 566, 592, 314 S.W.2d 763, 780 (Tex. 1958) (quoting Franke v. Wiltschek,
209 F.2d 493, 504 (2d Cir. 1953) (Frank, Cir. J., dissenting)). In particular, Clark argues that
it is inequitable to award Troxell child-support arrearages when she either was not responsible
for or did not fulfill her obligation to support B. A. C. In this connection, Clark quotes at
length several general treatises on equity, but scarcely attempts to apply that law to the facts of
this case.
      Clark attempted to invoke the equity powers of the trial court only in his motion for new
trial. We assume without deciding that this invocation was timely. The trial court denied the
motion.
      The trial court did not err in equity. “Matters of equity are addressed to the trial court’s
discretion.” Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). Clark quotes, but
otherwise ignores, two fundamental principles of equity: “He who comes into equity must
come with clean hands” and “He who seeks equity must do equity.” (Clark’s Br. at 22
(quoting Beth Neu, Casenote, Custody of H.S.H.-K., 533 N.W.2d 419 (Wis.), 37 S. Tex. L.
Rev. 911, 952 (1996))); see Truly v. Austin, 744 S.W.2d 934, 938 (Tex. 1988). Clark points
to evidence that Troxell gave actual custody of B. A. C. to Daily when B. A. C. was four or
five years of age. But the evidence was that Troxell did so because Clark had never paid any
of his obligation to support B. A. C. Over the fourteen years during which Clark had a legal
obligation to pay Troxell child support for B. A. C., Clark made only two payments, totaling
$120, against his obligation of over $23,000. Under these circumstances, Clark could not call
on the court to do equity.
      Moreover, Clark’s arguments that Troxell did not provide any support for B. A. C. are
without foundation in the record. There is no evidence that anyone other than Troxell
provided support for B. A. C. before B. A. C. went to live with Daily. Nor, contrary to
Clark’s argument, is there evidence that Troxell provided no support after B. A. C. went to
live with Daily. Rather, the evidence was that Troxell gave Daily what she could for
B. A. C.’s support.
      Under these circumstances, the trial court, sitting in equity, properly awarded child-support arrearages to Troxel. Thus, Clark’s equity argument does not support his issues.
      b.   Continuance. Clark contends that the trial court erred in not granting a continuance. 
Clark waived this complaint. A party’s announcement of ready waives any complaint
concerning the granting of a continuance. E.C. v. Graydon, 28 S.W.3d 825, 828 (Tex.
App.—Corpus Christi 2000, no pet.). Clark did not move for a continuance, but announced
“ready.” Thus, Clark’s continuance argument does not support his issues.
      c.   Joinder. Clark contends that Daily was a “necessary party” to the child-support
enforcement action. Clark waived this complaint. Clark first complained that Daily was not
joined as a party in opening statement. A defect of parties is waived unless raised by a verified
pleading. Tex. R. Civ. P. 94(3); Allison v. Nat’l Union Fire Ins. Co., 703 S.W.2d 637, 638
(Tex. 1986) (per curiam); see Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d
659, 662 (Tex. 1996) (“We have not hesitated in previous cases to hold that parties who do not
follow rule 93’s mandate waive any right to complain about the matter on appeal.”). In any
case, Daily was not a necessary party in an action brought by Troxell to enforce Clark’s child-support obligation to Troxell alone. Moreover, Daily was present and testified at trial, and did
not attempt to implead. Thus, Clark’s joinder argument does not support his issues.
 

III. CONCLUSION
      Clark’s second and third issues are overruled. The trial court’s judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Appeal dismissed for want of jurisdiction in part
Trial-court judgment affirmed
Opinion delivered and filed March 31, 2004
[CV06]