144 S.W.3d 8 (2004)
In the Interest of B.A.C., A Child.
No. 10-02-00243-CV.
Court of Appeals of Texas, Waco.
March 31, 2004.
Opinion Concurring and Dissenting in Denial of Rehearing July 21, 2004.
*10 Nita C. Fanning, Waco, for appellant.
Stephen N. Smith, Martin, Showers, Smith & McDonald, Hillsboro, for appellee.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.[*]

OPINION
TOM GRAY, Chief Justice.
This is an appeal of a judgment awarding child-support arrearages, and an attempted appeal of the contempt order included in that judgment. We dismiss the attempted appeal of the contempt order and affirm the judgment.

I. FACTUAL BACKGROUND
Appellant Larry Clark married Appellee Anna Marie Troxell, formerly Anna Marie Clark, in 1983. In February, 1984, Troxell gave birth to a daughter, B.A.C. In September, 1984, Clark and Troxell were divorced. The divorce decree appointed Troxell managing conservator of B.A.C. and ordered Clark to pay child support to Troxell. In 1988 or 1989, B.A.C. went to live with Troxell's father, Royce Gene Daily. In 1998, the court appointed Daily managing conservator of B.A.C. and ordered Clark to pay child support to Daily.
By 2001, Clark had paid approximately $5,100 of the approximately $7,200 in child support that he owed to Daily. The Attorney General, on Daily's behalf, moved for enforcement of the modification order's child-support order. The Attorney General sought only child support that had accrued since Daily's appointment as conservator. The trial court awarded Daily approximately $2,300 in child-support arrearages.
In 2002, Troxell filed a motion for enforcement of the divorce decree's child-support order. Troxell sought only child support that had accrued before the appointment of Daily as managing conservator. Clark had paid $120 of the approximately $23,500 in child support that he owed Troxell. The trial court ordered Clark to pay Troxell approximately $23,400 in child-support arrearages plus attorney's fees and found Clark in contempt for the failure to make payments in the past.

II. ANALYSIS

A. ISSUE 1
In Clark's first issue, he seeks review of that part of the trial court's judgment holding him in contempt. We lack jurisdiction over the issue. A contempt order is not an appealable final judgment. See Norman v. Norman, 692 S.W.2d 655, 655 (Tex.1985) (per curiam); Tex. Dep't of Human Resources v. Hebert, 621 S.W.2d 466, 467 (Tex.Civ.App.-Waco 1981, no writ); Hatton v. Grigar, No. 14-03-01210-CV, 2004 Tex.App. LEXIS 377, at * 3 (Tex.App.-Houston [14th Dist.] Jan. 15, 2004, no pet.) (mem.op.); In re K.S.E., No. 04-02-00319-CV, 2003 WL 21269585, 2003 Tex.App. LEXIS 4680, at * 2 (Tex.App.-San Antonio June 4, 2003, no pet.) (mem.op.).
This Court has held that "[i]t is appropriate to appeal from the denial of a motion to enforce in a" suit affecting the *11 parent-child relationship. In re Taylor, 45 S.W.3d 357, 358 (Tex.App.-Waco 2001, orig. proceeding [mand. denied]). There, we described the motion as a "motion to enforce/for contempt." Id. To the extent that Taylor suggests that a contempt order is a final, appealable order, we take this opportunity to overrule it.
Our holding in Taylor is not supported by the authorities that we cite there. In Taylor, we cited two cases. See id. at 358 (citing In re A.B., 994 S.W.2d 229 (Tex.App.-Eastland 1999, pet. denied); Litchfield v. Litchfield, 794 S.W.2d 105 (Tex.App.-Houston [1st Dist.] 1990, no writ)). Neither case supports the holding that contempt judgments are appealable. In A.B., though the appellant presented an issue concerning the denial of a motion for contempt, the court did not reach the issue of contempt but decided the case on another issue. A.B. at 230, 232. In Litchfield, moreover, although a motion for contempt was presented to the trial court, the appeal concerned only the summary judgment for child-support arrearages. Litchfield at 106, 107. In Taylor, we also noted that the Texas Family Code generally defines "order" as a "final order unless identified as a temporary order or the context clearly requires a different meaning." Taylor at 358 (quoting Tex. Fam.Code Ann. § 101.023 (Vernon 2002)). The legislative history of that section does not support our holding that contempt orders are appealable. Section 101.023 was added by House Bill 655 of the Seventy-Fourth Legislature. See Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 113 (amended 1997-2003). The Bill Analysis of H.B. 655 by the House Committee on Juvenile Justice and Family Issues states:
"The intent of" H.B. 655 "is a nonsubstantive recodification of the statutes relating to parents and children and suits affecting the parent-child relationship. This recodification does not make changes in the meaning or intent of present law." HOUSE COMM. ON JUV. JUST. & FAM. ISSUES, BILL ANALYSIS, Tex. H.B. 655, 74th Leg., R.S. (1995), http://www.capitol.state.tx.us/cgi-bin/tlo/ textframe.cmd? LEG=74 & SESS=R & CHAMBER=H & BILLTYPE=B & BILLSUFFIX=00655 & VERSION=2 & TYPE=A (last visited Mar. 26, 2004); see also SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 655, 74th Leg., R.S. (1995), http://www.capitol.state.tx.us/cgi-bin/tlo/textframe.cmd? LEG=74 & SESS=R & CHAMBER=H & BILLTYPE=B & BILLSUFFIX=00655 & VERSION=4 & TYPE=A (last visited Mar. 26, 2004).
The law prior to and since 1995 has been that a ruling on a motion for contempt is not appealable, but can only be challenged by an original proceeding. See Norman, 692 S.W.2d at 655; Wagner v. Warnasch, 156 Tex. 334, 338-39, 295 S.W.2d 890, 892-93 (1956); Andrews v. Andrews, Dallam 427, 428-29, 1841 WL 3102 (Tex.1841); Wall St. Deli, Inc. v. Boston Old Colony Ins. Co., 110 S.W.3d 67, 70 (Tex.App.-Eastland 2003, no pet.); see Rosser v. Squier, 902 S.W.2d 962 (Tex.1995) (orig.proceeding) (per curiam) (mandamus relief from fine assessed under contempt order). The law that a denial of a motion for contempt is not an appealable order is at least as strong as the law that the imposition of a contempt order is not appealable. See Wagner, 156 Tex. at 338-39, 295 S.W.2d at 892-93; Montes v. State, No. 05-03-01564-CR, 2003 WL 22413415, 2003 Tex.App. LEXIS 9021, at * 1 (Tex.App.-Dallas Oct. 23, 2003, no pet.) (not designated for publication) (mem.op.) (per curiam); Chambers v. Rosenberg, 916 S.W.2d 633, 634 (Tex.App.-Austin 1996, writ denied) (per curiam) (temporary injunction); Velez v. De Lara, 905 S.W.2d 43, 46 (Tex.App.-San Antonio 1995, no writ) (discovery sanctions); *12 Kawazoe v. Davila, 849 S.W.2d 906, 908 (Tex.App.-San Antonio 1993, no writ) (child support) (pre-1995 Family Code). The other courts of appeals considering suits affecting the parent-child relationship that arose under the 1995 Family Code have continued to hold that rulings on motions for contempt are not appealable. E.g., Franyutti v. Franyutti, No. 04-02-00786-CV, 2003 WL 22656879, 2003 Tex.App. LEXIS 9558, at * 19 (Tex.App.-San Antonio Nov. 12, 2003, no pet.) (mem.op.) (child support); In re T.L.K., 90 S.W.3d 833, 841 (Tex.App.-San Antonio 2002, no pet.) (child support); Hastings v. Hastings, No. 03-00-00524-CV, 2001 WL 520851, 2001 Tex.App. LEXIS 3160, at * 17 (Tex.App.-Austin May 17, 2001, pet. denied) (not designated for publication) (protective order); In re M.E.G., 48 S.W.3d 204, 208 (Tex.App.-Corpus Christi 2000, no pet.) (child support); In re Gergen, No. 07-98-0137-CV, 1999 WL 125530, 1999 Tex.App. LEXIS 1629, at * 3-* 4 (Tex.App.-Amarillo Mar. 10, 1999, no pet.) (not designated for publication) (visitation); Foster v. Foster, No. 14-96-01051-CV, 1998 WL 42597, 1998 Tex.App. LEXIS 761, * 10 (Tex.App.-Houston [14th Dist.] Feb. 5, 1998, no pet.) (not designated for publication) (divorce and custody); Lochner v. McCall, No. 05-97-00740-CV, 1997 WL 531179, 1997 Tex.App. LEXIS 4711, at * 4 (Tex.App.-Dallas Aug. 29, 1997, writ denied) (not designated for publication) (custody); Ex parte Binse, 932 S.W.2d 619, 620 (Tex.App.-Houston [14th Dist.] 1996, orig. proceeding) (child support); see In re Jones, No. 01-03-00393-CV, 2003 WL 22054291, 2003 Tex.App. LEXIS 7771, at * 1-* 2 (Tex.App.-Houston [1st Dist.] Aug. 29, 2003, orig. proceeding [habeas corpus denied]) (mem.op.) (child support); Ex parte Thomas, No. 06-00-00147-CV, 2000 WL 1804700, 2000 Tex.App. LEXIS 8228, at * 3 (Tex.App.-Texarkana Dec. 11, 2000, orig. proceeding) (not designated for publication) (spousal support); Bobo v. Womble, No. 03-99-00730-CV, 2000 WL 962553, 2000 Tex.App. LEXIS 4604, at * 8 (Tex.App.-Austin July 13, 2000, no pet.) (not designated for publication) (child support). Our holding today thus brings us back into accord with the Texas Supreme Court and the other courts of appeals.
Clark's first issue is dismissed for want of jurisdiction.[1]

B. ISSUES 2 AND 3
In Clark's second issue, he contends that Troxell did not have possession of B.A.C. and did not contribute to her support, and thus should not be awarded child support. In Clark's third issue, he contends that the trial court should have joined Daily in the child-support enforcement action. Clark briefs his second and third issues together, and briefly argues several contentions.

1.
Clark contends that the trial court "erred in failing to consider" the affirmative defenses of estoppel, laches, and res judicata. See Tex.R. Civ. P. 94. An affirmative defense is waived if not pleaded. Kinnear v. Tex. Comm'n on Human Rights, 14 S.W.3d 299, 300 (Tex.2000) (per *13 curiam). The record does not contain any pleadings filed by Clark.
a. Estoppel. Clark contends that Troxell is estopped from enforcing Clark's child-support obligation. The primary elements of estoppel are "that the party claiming the estoppel must show that a false representation or concealment of material facts exists," and "that the party relying on an estoppel must have acted on it to his prejudice." Concord Oil Co. v. Alco Oil & Gas Corp., 387 S.W.2d 635, 639 (Tex.1965); A.R. Clark Inv. Co. v. Green, 375 S.W.2d 425, 435 (Tex.1964). Clark does not suggest that he pleaded estoppel. Clark argues, rather, that the issue was tried by consent. Yet the only evidence to which Clark points as showing estoppel was admitted over Troxell's objection that the evidence was not relevant to the pleadings. An issue is tried by consent only when a party introduces evidence relevant to the unpleaded issue without objection. See Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex.1993). Nor, in any case, does the evidence to which Clark points tend to show estoppel. Clark points only to evidence that Troxell only occasionally paid Daily for the maintenance of B.A.C. This is no evidence of misrepresentation or reliance. Clark did not raise estoppel. Thus, Clark's estoppel argument does not support his issues.
b. Laches. Clark contends that Troxell's action for child-support arrearages is barred by laches. "Two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay." Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 80 (Tex.1989). Clark does not suggest that he raised the affirmative defense of laches, and he thus waived laches. In any case, laches generally does not bar actions within the statute of limitations. Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex.1998). There is, in effect, no longer any statute of limitations on the confirmation of child-support arrearages. See Tex. Fam.Code Ann. § 157.005(b) (Vernon 2002); In re T.G., No. 03-02-00090-CV, 2002 WL 31769031, 2002 Tex.App. LEXIS 8765, at * 9-* 12 (Tex.App.-Austin Dec. 12, 2002, no pet.) (not designated for publication) (Legislature intends "long period of reasonableness" for child-support enforcement). Thus, Clark's laches argument does not support his issues.
c. Res Judicata. Clark contends that Troxell's child-support enforcement action is barred by res judicata. "Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex.1996). Clark argues that the child-support judgment in favor of Daily was res judicata of Clark's child-support obligation to Troxell. Clark does not suggest that he raised the affirmative defense of res judicata, and he thus waived res judicata. Accordingly, Clark's res-judicata argument does not support his issues.

2.
Clark briefly argues several matters grouped under the heading "best interests [sic] of the child."
a. Equity. Clark contends that "Principles of Equity mitigate [sic] against awarding a windfall to" Troxell. "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." Hyde Corp. v. Huffines, 158 Tex. 566, 592, 314 S.W.2d 763, 780 (Tex.1958) (quoting Franke v. Wiltschek, *14 209 F.2d 493, 504 (2d Cir.1953) (Frank, Cir. J., dissenting)). In particular, Clark argues that it is inequitable to award Troxell child-support arrearages when she either was not responsible for or did not fulfill her obligation to support B.A.C. In this connection, Clark quotes at length several general treatises on equity, but scarcely attempts to apply that law to the facts of this case.
Clark attempted to invoke the equity powers of the trial court only in his motion for new trial. We assume without deciding that this invocation was timely. The trial court denied the motion.
The trial court did not err in equity. "Matters of equity are addressed to the trial court's discretion." Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex.1998). Clark quotes, but otherwise ignores, two fundamental principles of equity: "He who comes into equity must come with clean hands" and "He who seeks equity must do equity." (Clark's Br. at 22 (quoting Beth Neu, Casenote, Custody of H.S.H.-K., 193 Wis.2d 649, 533 N.W.2d 419 (1995), 37 S. TEX. L.REV. 911, 952 (1996))); see Truly v. Austin, 744 S.W.2d 934, 938 (Tex.1988). Clark points to evidence that Troxell gave actual custody of B.A.C. to Daily when B.A.C. was four or five years of age. But the evidence was that Troxell did so because Clark had never paid any of his obligation to support B.A.C. Over the fourteen years during which Clark had a legal obligation to pay Troxell child support for B.A. C., Clark made only two payments, totaling $120, against his obligation of over $23,000. Under these circumstances, Clark could not call on the court to do equity.
Moreover, Clark's arguments that Troxell did not provide any support for B.A.C. are without foundation in the record. There is no evidence that anyone other than Troxell provided support for B.A.C. before B.A.C. went to live with Daily. Nor, contrary to Clark's argument, is there evidence that Troxell provided no support after B.A.C. went to live with Daily. Rather, the evidence was that Troxell gave Daily what she could for B.A.C.'s support.
Under these circumstances, the trial court, sitting in equity, properly awarded child-support arrearages to Troxel. Thus, Clark's equity argument does not support his issues.
b. Continuance. Clark contends that the trial court erred in not granting a continuance. Clark waived this complaint. A party's announcement of ready waives any complaint concerning the granting of a continuance. E.C. v. Graydon, 28 S.W.3d 825, 828 (Tex.App.-Corpus Christi 2000, no pet.). Clark did not move for a continuance, but announced "ready." Thus, Clark's continuance argument does not support his issues.
c. Joinder. Clark contends that Daily was a "necessary party" to the child-support enforcement action. Clark waived this complaint. Clark first complained that Daily was not joined as a party in opening statement. A defect of parties is waived unless raised by a verified pleading. Tex.R. Civ. P. 93(3); Allison v. Nat'l Union Fire Ins. Co., 703 S.W.2d 637, 638 (Tex.1986) (per curiam); see Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex.1996) ("We have not hesitated in previous cases to hold that parties who do not follow rule 93's mandate waive any right to complain about the matter on appeal."). In any case, Daily was not a necessary party in an action brought by Troxell to enforce Clark's child-support obligation to Troxell alone. Moreover, Daily was present and testified at trial, and did not attempt *15 to implead. Thus, Clark's joinder argument does not support his issues.

III. CONCLUSION
Clark's second and third issues are overruled. The trial court's judgment is affirmed.

Rehearing Denied July 21, 2004.

CONCURRING AND DISSENTING OPINION ON ORDER ON MOTION FOR REHEARING
I concur in the denial of Appellant's motion for rehearing in this cause. As to Appellant's first issue, a majority of the Court correctly holds today in In re Clark, as the Court held in its opinion in the instant cause, that we lack jurisdiction over Appellant's attempted appeal of the trial court's contempt order. See In re Clark, No. 10-03-00037-CV, slip op. at 3-4, 2004 WL 1632768 (Tex.App.  Waco July 21, 2004, orig. proceeding) (mem.op.); see In re B.A.C., No. 10-02-00243-CV, 2004 Tex.App. LEXIS 3018, at *2-*8, 144 S.W.3d at 10 (Tex.App.  Waco Mar. 31, 2004, no pet. h.). As to the other issues that Appellant presented in the instant cause, namely those concerning Appellee's possession of B.A.C. and the joinder of a third party, Appellant does not complain in his motion for rehearing of our determination of those issues.
I respectfully dissent to the Court's order transferring Appellant's motion for rehearing from this cause to Clark. Cf. In re B.A.C., No. 10-02-00243-CV, slip op. at 1 (Tex.App.  Waco July 21, 2004, order) (not designated for publication). "[T]he plaintiff is `the master of the complaint [.]'" Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)); accord Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 12, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003); Heard v. Moore, 101 S.W.3d 726, 728 (Tex.App.  Texarkana 2003, pet. denied). "Plaintiffs are masters of their complaints and remain so at the appellate stage of a litigation." Webster v. Reproductive Health Servs., 492 U.S. 490, 512, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989).
The cases that the Court cites are distinguishable. Both concern appellate jurisdiction. See Mueller v. Saravia, 826 S.W.2d 608, 609 (Tex.1992) ("attempt to invoke appellate court jurisdiction"); Motor Vehicle Bd. v. El Paso Indep. Auto Dealers Ass'n, Inc., 1 S.W.3d 108, 111 (Tex.1999) (misnomer (Motor Vehicle Div. for Motor Vehicle Bd.) does not affect standing). The Supreme Court has "repeatedly held that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction." Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex.1997). This court's jurisdiction over Clark's motion for rehearing is not disputed. Apart from this rare exception for the invocation of appellate jurisdiction, a filing is effective only in the cause in which it is filed. See Philbrook v. Berry, 683 S.W.2d 378, 379 (Tex.1985) (orig.proceeding) (per curiam); see also Stone v. State, 931 S.W.2d 394, 396-97 (Tex.App.  Waco 1996, pet. ref'd); but see Tex. Instruments, Inc. v. Teletron Energy Mgt., Inc., 877 S.W.2d 276, 278 (Tex.1994) ("clerical error").
NOTES
[*] This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the Court.
[1] After Clark filed his brief, we notified him: "Appellant's brief frames his first issue as a petition for mandamus and/or habeas relief. If appellant desires to request such relief, appellant must file an original proceeding in this Court under Rule of Appellate Procedure 52." Clark filed a petition for writ of mandamus, which the Clerk docketed as Cause No. 10-03-00037-CV, styled In re Larry Clark, 2004 WL 691697. See 2004 Tex.App. LEXIS ___ (Tex.App.-Waco Mar. 31, 2004, orig. proceeding) (mem.op.). Today, we deny that petition in a separate opinion. Id.