**Dissenting opinion issued August 2, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00520-CV

————————————

**ADELINA MICHELLE CLINE, Appellant**

**V.**

**JASON W. CLINE, Appellee**

On Appeal from the 22nd District Court
Comal County, Texas
Trial Court Case No. C2012-0499A

# DISSENTING OPINION

This is an attempted appeal from an order enforcing a mother's obligation to pay $781.32 in child support by jailing her for 180 days. The mother, Adelina Michelle Cline, was found in contempt of court on four separate counts, in each case for failure to make a court-ordered child-support payment in the amount of $195.33. She also was found indigent by the trial court, and a lawyer was appointed to represent her at public expense.[1]

The mother has attempted to appeal from the order committing her to jail on the basis of her affirmative defense: she can't afford to pay.[2] The court dismisses that part of her appeal, reasoning that contempt orders are unappealable. As noted by the court, our prior precedent suggests the general unappealability of contempt

---

[1] The commitment order that the mother attempts to appeal ordered her to appear before the court to begin her jail sentence on August 30, 2017. Although the mother's brief makes reference to her being jailed on May 24, 2017, nothing in our record confirms whether she has actually served all, some, or none of the jail sentence.

[2] *See* TEX. FAM. CODE § 157.008(c) ("An obligor may plead as an affirmative defense to an allegation of contempt . . . that the obligor: (1) lacked the ability to provide support in the amount ordered; (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed; (3) attempted unsuccessfully to borrow the funds needed; and (4) knew of no source from which the money could have been borrowed or legally obtained.").

orders.[3] Family Code section 109.002 authorizes an appeal from any "final order" rendered under Title 5 of the Code, which governs suits affecting the parent-child relationship. My research has not revealed any precedent of the Supreme Court of Texas or of this court that squarely holds that a contempt order in a child-support enforcement action does not qualify as such an appealable "final order" under the current Family Code. Prior to the adoption of the recodified Family Code, including section 109.002, our Supreme Court did hold in *Norman v. Norman*[4] that a court of appeals lacked jurisdiction to review an order that declined to hold a father in contempt for child-support arrearages, applying section 14.09 of the then-applicable version of the Family Code. The authority relied upon by *Norman* was *Wagner v. Warnasch*,[5] which stated the rule thus: "A judgment of a court

---

[3]  *E.g.*, *Metzger v. Sebek*, 892 S.W.2d 20, 54 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see also Jones v. Tex. State Attorney Gen.*, No. 01-03-00393-CV, 2003 WL 22054291, at *1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2003, no pet.) (mem. op.) (in attempted appeal from contempt order arising from failure to pay child support, court notified appellant that the decision was "subject to attack only by petition for writ of habeas corpus," then subsequently granted appellant's motion to transform the appeal into a petition for writ of habeas corpus).

[4]  692 S.W.2d 655 (Tex. 1985) (per curiam).

[5]  295 S.W.2d 890 (Tex. 1956).

convicting a person of contempt is not subject to revision in any other tribunal, *unless specially authorized by statute*."[6]

At the time *Wagner* was decided, Texas statutes "made no provision for an appeal from an adjudication and commitment for contempt, and none for review by writ of error."[7]    Since the relevant statutory authority has changed materially since *Wagner* was decided in 1956 and *Norman* was decided in 1984, the continuing viability of these authorities cannot be assumed. Thus, although the Attorney General expressly relied on *Norman* in a letter sent to this court to suggest a lack of jurisdiction in lieu of filing a brief, it is not apparent that *Norman* is binding authority after the adoption of Title 5 of the Family Code effective April 20, 1995.[8] The relevant statutory authorization for an appeal at the time *Norman* was decided provided: "An appeal may be taken by any party to a suit affecting the parent-child relationship from an order, decree, or judgment . . . entered under Chapter 14 of this code appointing or refusing to appoint a managing conservator; appointing or refusing to appoint a possessory conservator; *ordering or refusing to order payments for support of a child*; or modifying any such order

---

[6]     *Id.* at 893 (quoting 9 Tex. Jur., *Contempt* § 45) (emphasis supplied).

[7]     *Id.*

[8]     Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113.

previously entered . . . ."[9] By contrast, the Family Code now authorizes appeals from final orders in SAPCR cases in much broader terms: "An appeal may be taken by any party to a suit from a final order rendered under this title."[10]

Our court tried to avoid this non-merits disposition of the mother's issue by notifying her lawyer about the jurisdictional issue and the availability of habeas corpus or mandamus review as alternatives.[11] In response, counsel insisted that the contempt order was appealable and did not request that the challenge be considered as a request for habeas corpus or mandamus relief. Counsel did not attempt to

---

[9] Act of May 25, 1973, 63rd Leg., R.S., ch. 543, § 1, 1973 Tex. Gen. Laws 1411, 1419, and Act of May 26, 1983, 68th Leg., R.S., ch. 962, § 1, 1983 Tex. Gen Laws 5233 (former Tex. Fam. Code § 11.19(b)(2)) (emphasis supplied); *repealed by* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113.

[10] TEX. FAM. CODE § 109.002(b); *cf. Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree.").

[11] *Cf. CMH Homes v. Perez*, 340 S.W.3d 444, 453-54 (Tex. 2011) (appellant who filed an appeal from an unappealable order was nevertheless entitled to have its appeal treated as a petition for writ of mandamus because it specifically requested mandamus relief and because requiring the filing of a separate document entitled "petition for writ of mandamus" would "unnecessarily waste the parties' time and further judicial resources"); *Jones v. Brelsford*, 390 S.W.3d 486, 497 n.7 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("in an appropriate case, we may treat an appeal as a petition for writ of mandamus, and an appellant who specifically requests that her appeal be treated as a mandamus petition invokes this Court's original jurisdiction").

distinguish or otherwise address the authorities this court identified as being relevant to the jurisdictional issue.[12]

There has been no contest to the mother's indigence, and rational actors who could avoid spending half a year in jail by paying a debt of $781.32 would do so. Moreover, the Texas Bill of Rights specifically forbids imprisoning a person for debt.[13] It would be far more efficient to fix the procedural deficiencies of this case now so that the merits can be addressed, rather than requiring the appellant's court-appointed lawyer to start over with a new filing at public expense.

In furtherance of our Supreme Court's policy of treating "minor procedural mishaps with leniency, preserving the right to appeal,"[14] the court should have

---

[12] Our order referenced *In re B.A.C.*, 144 S.W.3d 8, 11 (Tex. App.—Waco 2004, no pet.), for the proposition that contempt findings are generally not appealable and are subject to challenge only by original proceeding, and *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied), for the proposition that "[a] contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)." Our order also referenced Family Code section 109.002(b), yet the mother has presented no argument that this statute authorizes an appeal in SAPCR cases as an exception to the general rule precluding appeal from a contempt order.

[13] TEX. CONST. art. I, § 18 ("No person shall ever be imprisoned for debt.").

[14] *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (per curiam); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997) ("appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal").

exercised its authority to invite a satisfactory merits-based submission of the case by requesting additional briefing addressing the mother's indigency defense in the correct procedural form.[15] Because the court fails to do so, I respectfully dissent.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Justice Massengale, dissenting.

---

[15] *See* TEX. R. APP. P. 38.9(b) ("If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case."); *see also St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311 (Tex. App.—Dallas 2018, pet. filed) (en banc) (Schenck, J., dissenting) (discussing the authority of Rule 38.9(b) and the power of a court of appeals to request additional briefing to ensure a proper presentation of a case to facilitate a disposition on the merits).